IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA
ex rel. Dr. J. Thaddeus Beck, M.D., et al.                                          PLAINTIFFS

V.                    CASE NO. 5:15-CV-05275

TVG CAPITAL GP, LLC, et al.                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 25) and Brief in Support (Doc. 26). Relators filed a Response in Opposition to the Motion (Doc. 31), and shortly thereafter, Defendants filed a Reply (Doc. 36). On the same date that Relators filed their opposition to the Motion to Dismiss, they filed a Motion for Leave to Amend the Complaint (Doc. 32), and attached a proposed amended complaint (Doc. 32-1) to the Motion. Defendants then filed a Response in Opposition to the Motion for Leave to Amend (Doc. 40), arguing that the Court should not permit Relators to file the proposed amended complaint because it contains many of the same deficiencies as the original complaint and still fails to state plausible claims against any of the Defendants.

On October 3, 2017, the Court held a hearing on the two Motions, and counsel for the parties presented oral argument at that time. After oral argument, the Court ruled from the bench, granting in part and denying in part both of the Motions. The following Order explains in more detail the Court's reasoning behind its decision. To the extent anything in this Order conflicts with what was stated from the bench, this Order will control.

# I. BACKGROUND

Relators, on behalf of the United States, filed this lawsuit under seal on November 4, 2015, alleging in Counts I-IV, separate violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A)-(C) and (G); and in Count V, violations of the federal criminal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), and the Stark Statute, 28 U.S.C. § 1395nn (a)(1) and (h)(6). Relators are a group of oncologists/hematologists who are members of Highlands Oncology Group, P.A., located in Northwest Arkansas. The Relators are Drs. Thaddeus Beck, Daniel Bradford, Gregory Oakhill, Stephen Rosenfield, Eric Schaefer, and Patrick Travis.

The 23 Defendants include a number of businesses that are alleged to either provide radiation/oncology services or function as holding companies, billing companies, or administrative-support companies for radiation/oncology service providers. The Complaint provides the richest amount of detail about the companies that collectively do business as Landmark Cancer Center in Northwest Arkansas. According to the Complaint, Landmark Cancer Center is a "suite" of businesses that have partnered up to provide radiation/oncology services to the region. These three businesses that compose Landmark Cancer Center are Defendants Physicians Radiation Arkansas, LP, TruRadiation Partners Arkansas, LLC, and Northpoint Radiation Center, GP, LLC.

The Complaint explains that certain individual Defendants, namely Jon Tryggenstad, David Dickey, and Lisa Sooter, created Landmark Cancer Center together and devised a business model that contemplated area physicians serving as limited partners. One of those physicians/limited-partners is alleged to be Defendant Kenneth E. Gardner. Relators believe that Dr. Gardner and other physicians entered into a partnership agreement with

2

Defendant Physicians Radiation Arkansas, LP. The physicians then agreed to refer their patients to Landmark Cancer Center for "expensive radiation oncology therapy" in exchange for receiving a percentage of the profits that the business earned for providing these treatments. (Doc. 1, ¶ 54).

The remaining 16 Defendants include TVG Capital GP, LLC, which is described as the "holding company" for Landmark Cancer Center's suite of businesses; and 15 other companies about which little is known except that they are physically located—or else managed by individuals who are physically located—in Texas, Oklahoma, or Kansas. Relators believe that these 15 businesses were set up by Tryggestad, Sooter, and Dickey to operate as Landmark Cancer Center does in Northwest Arkansas—that is, with a business structure that involves physicians/limited-partners engaging in illegal referral and profit-sharing behavior.

Relators' theory of the case is that the business/partnership structure of Landmark Cancer Center violates the AKS and the Stark Statute. Relators maintain that "Defendants are required to certify compliance with the Anti-Kickback Statute [and the Stark Statute] as a condition of payment when they submit their claims [to the federal government] for payment," (Doc. 1, ¶ 41); but because Defendants fail to comply with these statutes, all claims they submit to Medicare, Medicaid, and Tricare/CHAMPUS are legally false and violate the FCA. In other words, Relators do not contend that the amounts on any bills that Defendants submitted to the government for payment were factually false; instead, Relators argue that the bills are false because Defendants submitted them when they were not in compliance with the AKS and Stark Statute.

3

The AKS prevents a defendant from knowingly soliciting or receiving remuneration—in the form of a kickback, bribe, or rebate—directly or indirectly, overtly or covertly, in cash or in kind, in exchange for referring a patient to an individual or entity that would perform a medical service paid in whole or in part by the government under a federal health care program. 42 U.S.C. § 1320a-7b(b)(1). The AKS also prohibits a defendant from knowingly offering to pay a kickback, bribe, or rebate to someone in order to induce that person to make a prohibited referral. 42 U.S.C. § 1320a-7b(b)(2). Similarly, the Stark Statute prohibits an entity from presenting a claim to Medicare for a "designated health service" if the service was provided as a result of a referral by a physician who has "a financial relationship" with the entity. 42 U.S.C. § 1395nn(a)(1).

Defendants assert in their Motion to Dismiss that the Complaint fails to state a valid claim against them because it fails to comply with the heightened pleading standards for fraud under Rule 9(b). Relators oppose dismissal of the Complaint but have requested permission to file an amended complaint that purportedly cures any deficiencies Defendants identified in their Motion to Dismiss. Although Defendants concede that the proposed amended complaint includes more specific facts concerning some of the Defendants and some of the claims, they argue that the proposed amended complaint is still insufficient to meet Rule 9(b)'s pleading requirements, and the Court should not permit Relators to file it.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the

4

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the Complaint by Plaintiff, drawing all reasonable inferences in Plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

"Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)." *United States ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). "Rule 9(b)'s 'particularity requirement demands a higher degree of notice than that required for other claims,' and 'is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.'" *Id.* (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well

as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.*

When evaluating whether to grant leave to amend a complaint, Rule 15(a) provides that leave should be given freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Id.* at 557-558 (internal quotation marks and citation omitted).

### III. DISCUSSION

The Court has analyzed both the original Complaint (Doc. 1) and proposed amended complaint (Doc. 32-1) and finds that both documents—as to certain Defendants only—fail to state facts that meet *Iqbal* and *Twombly's* pleading standards for asserting facially plausible claims, and/or fail to meet the heightened pleading standards to state claims for fraud under the FCA, as required by Rule 9(b).

First, the Motion to Dismiss will be granted as to the following Defendants, who will be dismissed without prejudice pursuant to Rule 12(b)(6), because the allegations against them in both the Complaint and proposed amended complaint fail to explain the "who," "what," "when," "where," and "why" of the alleged violations of law they committed, and do nothing more than identify the directors/managers/incorporators of each Defendant: (1) TVG Capital, GP, LLC; (2) TruMedical Admin, LLC; (3) TruRadiation Partners FW, LLC; (4) TruRadiation Partners SA, LLC; (5) TruRadiation Partners Wichita, LLC; (6) TruRadiation Partners Plano, LLC; (7) TruRadiation Partners Muskogee, LLC; and (8) TruManagement Services, LLC.

Second, the Motion to Dismiss will be granted as to the following Defendants, who will be dismissed without prejudice pursuant to Rule 12(b)(6), because the allegations against them in both the Complaint and proposed amended complaint fail to explain the "who," "what," "when," "where," and "why" of the alleged violations of law they committed and only identify the directors/managers/incorporators of each Defendant, and/or allege in conclusory fashion that the businesses are "believed to operate" in similar fashion to Landmark Cancer Center, see, e.g., Doc. 1, ¶16; Doc. 32-1, ¶15: (1) Pinnacle Oncology, PA; (2) Pro Physicians Clinic, PA; (3) Physicians Radiation Fort Worth, LP; (4) Physicians Radiation San Antonio, LP; (5) Physicians Radiation Network, LP (f/k/a Physicians Radiation Plano, LP); (6) Physicians Radiation Wichita, LP; and (7) Physicians Radiation Muskogee, LP.

Third, the Motion to Dismiss will be granted as to the following individual Defendants, who will be dismissed without prejudice pursuant to Rule 12(b)(6), because the allegations against them in both the Complaint and proposed amended complaint fail to explain the "who," "what," "when," "where," and "why" of the alleged violations of law they committed: (1) Jon D. Tryggestad, (2) Lisa Sooter, and (3) David Dickey. The Complaint claims that "[i]n order to induce physicians to refer patients for expensive radiation oncology therapy, Defendants Tryggestad, Sooter, and Dickey through their Defendant entities created limited radiation partnerships with Northpoint Radiation Center GP, LLC as the general partner." (Doc. 1, ¶54). However, apart from explaining the fact that Tryggestad, Sooter, and Dickey maintained roles in the various Defendant entities as directors, managers, or incorporators, there are no other facts in either the Complaint or

7

the amended complaint that would indicate that they violated the AKS and/or the Stark Statute.

Fourth, the Motion to Dismiss will be denied as to the three entities identified in the Complaint as composing the "suite" of businesses known as Landmark Cancer Center in Northwest Arkansas: 1) TruRadiation Partners Arkansas, LLC; (2) Northpoint Radiation Center GP, LLC; and (3) Physicians Radiation Arkansas, LP. The Court finds that the Complaint's allegations concerning these three businesses are factually specific enough to meet the requirements of *Iqbal* and *Twombly*, and also meet Rule 9(b)'s heightened pleading standards. Further, the Court observes that during oral argument on the Motion to Dismiss, it became evident that one more business should have been included in the Complaint as being a part of the Landmark "suite": Defendant Pro Physicians Arkansas, PA. Accordingly, although the Complaint in its current form fails to state a claim against Pro Physicians Arkansas, PA, the Court does not believe it would be futile to grant Relators leave to file an amended complaint that included claims against Pro Physicians, PA, provided that such claims included facts about this business's relationship to Landmark Cancer Center—many of which were revealed in open Court during the motion hearing on October 3—and to the causes of action asserted in this case.

Fifth, the Motion to Dismiss will be denied as to Dr. Kenneth E. Gardner. In the proposed amended complaint in particular, Relators assert several facts that explain the allegedly illegal referral relationship that Dr. Gardner had with Landmark Cancer Center as a limited partner of Physicians Radiation Arkansas, LP. The proposed amended complaint also contains examples of Dr. Gardner's patients' bills submitted to Medicare and paid by Landmark Cancer Center. *See* Doc. 32-1, ¶¶ 60-90. Defendants have

asserted what amount to affirmative defenses in response to these claims, and they argue that Dr. Gardner's true relationship with Landmark Cancer Center is not as Relators suggest in the Complaint because it does not involve an illegal referral/kickback relationship, and/or it meets a recognized exception to the Stark Statute and the AKS. For purposes of evaluating the Complaint on a Rule 12(b) standard of review, the Court is obligated to accept Relators' allegations as true, and reserve for later resolution the parties' defenses and other disputes of law or fact. For this reason, Dr. Gardner will remain a Defendant, as the Court finds that the facts in both the Complaint and proposed amended complaint explain with sufficient particularity the nature of his involvement with Landmark Cancer Center and plausibly state claims for relief under the heightened pleading standard for fraud.

## IV. CONCLUSION

For the reasons explained herein, **IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim (Doc. 25) and Motion for Leave to Amend Complaint (Doc. 32) are both **GRANTED IN PART AND DENIED IN PART**. The following Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against them: (1) TVG Capital, GP, LLC; (2) TruMedical Admin, LLC; (3) TruRadiation Partners FW, LLC; (4) TruRadiation Partners SA, LLC; (5) TruRadiation Partners Wichita, LLC; (6) TruRadiation Partners Plano, LLC; (7) TruRadiation Partners Muskogee, LLC; (8) TruManagement Services, LLC; (9) Pinnacle Oncology, PA; (10) Pro Physicians Clinic, PA; (11) Physicians Radiation Fort Worth, LP; (12) Physicians Radiation San Antonio, LP; (13) Physicians Radiation Network, LP (f/k/a Physicians Radiation Plano, LP); (14) Physicians Radiation

Wichita, LP; (15) Physicians Radiation Muskogee, LP; (16) Jon D. Tryggestad; (17) Lisa Sooter; and (18) David Dickey. Further, the claims stated against these Defendants as asserted in the proposed amended complaint (Doc. 32-1) do not meet Rule 12(b)(6)'s and Rule 9(b)'s pleading standards, and it would therefore be futile to allow Relators to file their proposed amended complaint naming these Defendants.

**IT IS FURTHER ORDERED** that the Complaint properly states claims against the following Defendants: 1) TruRadiation Partners Arkansas, LLC; (2) Northpoint Radiation Center GP, LLC; (3) Physicians Radiation Arkansas, LP; and (4) Dr. Kenneth E. Gardner. In addition, the claims stated against these Defendants in the proposed amended complaint similarly meet the Court's pleading standards. Relators will be permitted to file an amended complaint that includes properly stated claims against these Defendants.

**IT IS FURTHER ORDERED** that although the Complaint and amended complaint do not state proper claims against Defendant Pro Physicians Arkansas, PA, the Court does not believe it would be futile to allow Relators to submit an amended complaint that would include allegations against this Defendant.

**IT IS FURTHER ORDERED** that Relators have until **October 18, 2017** to submit an amended complaint that conforms to the Court's rulings.

**IT IS SO ORDERED** on this 5th day of October, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE