IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| UNITED STATES ex rel. | § | |
| Dr. J. Thaddeus Beck, M.D., *et al.* | § | |
| | § | |
| **Plaintiffs and Relators,** | § | |
| | § | |
| v. | § | CASE NO. 5:15-5275-TLB |
| | § | |
| TVG CAPITAL GP, LLC, *et al.* | § | |
| | § | |
| **Defendants** | § | |

## ANSWER OF SEPARATE DEFENDANT KENNETH E. GARDNER TO THE PLAINTIFFS' AMENDED COMPLAINT

The separate defendant, Dr. Gardner, by and through his undersigned attorney, Kenneth R. Shemin, hereby answers and responds to the enumerated paragraphs contained in the plaintiffs' amended complaint as follows:

### PARTIES

1. The plaintiffs are believed to be physicians who reside in the state of Arkansas. Separate defendant understands that plaintiffs bring this action as a *qui tam* action as alleged in the amended complaint. The remaining statements contained in Paragraph 1 call for no response, and none is given.

2-7. The allegations contained in Paragraphs 2 through 7 do not relate to this separate defendant but rather purport to describe the plaintiffs and their medical practices in northwest Arkansas. Thus, no response is required by this separate defendant and none is given. To the extent that a response may deem to be required, this separate defendant would deny the allegations for lack of personal knowledge.

1

8. The allegations contained in Paragraph 8 are denied for lack of information. Moreover, and for the sake of clarity, this separate defendant again points out that Dr. Gardner has never owned any interest whatsoever in TVG Capital GP, LLC, nor TruManagement Services, LLC, nor TruRadiation Partners Arkansas, LLC, nor Northpoint Radiation Center GP, LLC, nor Physicians Radiation Arkansas, LP.

9. The allegations in Paragraph 9 do not relate to this separate defendant and Dr. Gardner has no knowledge of the business structures alleged. Consequently, the allegations contained in Paragraph 9 are denied for lack of information. Furthermore, it appears obvious from the allegations that plaintiffs have received a substantial amount of information from government investigators who have been scrutinizing these transactions for perhaps two or more years yet who have not sought intervention in this proceeding.

10-11. The allegations contained in Paragraphs 10 and 11 do not relate to this separate defendant and are denied for lack of information.

12. This separate defendant again admits that Dr. Gardner formed Pro Physicians Arkansas on January 3, 2012. Separate defendant denies that Pro Physicians Arkansas "operated" as alleged in Paragraph 12, or that it had "limited partners", or indeed any owner(s) who referred patients to the "cancer center" as alleged. Rather, Dr. Gardner was the sole shareholder of that professional corporation until he transferred his interest in Pro Physicians Arkansas to another physician on June 1, 2013. During the time that Dr. Gardner owned an interest in Pro Physicians Arkansas he received *no* remuneration whatsoever from that professional corporation, nor did he refer patients to *any* defendant in this action, including specifically Pro Physicians Arkansas. Rather, and as was pointed out in the motion

to dismiss previously filed in this action, Dr. Gardner *treated patients* at the request of, and in consultation with, other physicians in the northwest Arkansas community. The remaining allegations contained in Paragraph 12 are denied, including with limitation, the misinformation in the graphics suggesting that Northpoint Radiation Center GP, LLC was a "director" of Pro Physicians Arkansas during the brief period that Dr. Gardner was the sole owner and director of that entity.

12. The allegations in Paragraph 12 do not relate to this separate defendant, and Dr. Gardner has no personal knowledge of the business structures alleged. Consequently, the allegations in Paragraph 11 are denied for lack of information. Moreover, Dr. Gardner does not now, nor has he ever, owned any interest in TruRadiation Partners Arkansas, LP.

13. This separate defendant admits that Dr. Gardner is a physician and that he is a radiation oncologist who "saw", meaning that he treated, patients at the facility located at 2526 South Pinnacle Hills Parkway in Rogers, Arkansas (the "Facility"). Dr. Gardner again denies that he is, or ever was, a "limited partner" in Physicians Radiation Arkansas, LP. Further, Dr. Gardner again denies that he now has, or ever had, any ownership interest of any kind or character in Physicians Radiation Arkansas, LP. Dr. Gardner again denies that he ever referred patients to Physicians Radiation Arkansas, LP, at any time. Furthermore, Dr. Gardner notes that his practice of radiation oncology at the Facility was not violative of either the Stark or anti-kickback laws, but rather was similar to the practices of the plaintiffs vis-a-vis their own facility which was and remains a competitor of the Facility. The remaining allegations contained in Paragraph 13 are denied, except as heretofore expressly admitted.

## JURISDICTION AND VENUE

14-17. The statements contained in Paragraphs 14 through 17 are legal conclusions to which no response is required. To the extent a response may be required, this separate defendant denies same.

## THE LAW

18-21. The statements contained in Paragraphs 18 through 21 represent the plaintiffs' rendition of certain provisions of the law and constitute legal conclusions to which no response is required. To the extent a response may be required, this separate defendant denies same while reminding the plaintiffs that Dr. Gardner does not refer patients to the Facility at issue in this proceeding and has received no improper or unlawful remuneration from any other defendant in this action.

22. The allegations of Paragraph 22 are again denied.

23-28. The statements contained in Paragraphs 23 through 28 represent the plaintiffs' interpretation of certain provisions of the law and constitute legal conclusions to which no response is required. To the extent a response may be required, this separate defendant denies same.

## THE FEDERAL HEALTHCARE PROGRAMS

29-34. Once again, the statements contained in Paragraphs 29 through 34 represent the plaintiffs' portrayal and regurgitation of certain provisions of the law and constitute legal conclusions to which no response is required. To the extent a response may be required, this separate defendant denies same while again reminding the plaintiffs that Dr.

Gardner does not refer patients to the cancer treatment center at issue in this proceeding and has received no improper or unlawful remuneration from any other defendant in this action.

## FACTUAL ALLEGATIONS

35-39. The allegations contained in Paragraphs 35 through 39 do not relate to this separate defendant but rather purport to describe the activities certain other defendants in this action. Thus, no response is required by this separate defendant and none is given. To the extent that a response may deem to be required, this separate defendant would deny the allegations for lack of personal knowledge. Furthermore, Dr. Gardner has never seen the "offering memorandum" discussed in these paragraphs and never purchased any interest in any company predicated upon such a document, including specifically Physicians Radiation Arkansas, LP or any other defendant in this action.

40. The allegations contained in Paragraph 40 are denied.

41. This separate defendant admits that the plaintiffs purport to describe medical services *provided by* Dr. Gardner to patients at the facility known as the "Landmark Cancer Center" in Rogers, Arkansas. However, separate defendant once again stresses that Dr. Gardner does not now, nor has he ever, owned any "ownership interest" in Physicians Radiation Arkansas, LP. Consequently, the allegations of Paragraph 41 are denied.

42-63. Dr. Gardner has not practiced at the Facility at issue in this proceeding since July 29, 2016, a fact well known to the plaintiffs. The allegations in Paragraphs 42 through 63 extend back to January of 2014, and no patient information is provided to assist Dr. Gardner in formulating a response. Consequently, this separate defendant is unable to admit the allegations contained in Paragraphs 42 through 63 for lack of personal knowledge,

or other available information, and thus denies same. Nonetheless, Dr. Gardner admits that he "saw", meaning that *he treated*, numerous patients at the cancer treatment center identified in those paragraphs, and thus he may have been identified as the radiation oncologist "provider" of those services. However, and as discussed above, treating patients and providing radiation oncology services at the behest of, and in consultation with, other physicians does not constitute a referral nor is such unlawful under the provisions of the statutes upon which plaintiffs bring this action.

64. The allegations of Paragraph 64 are denied, again. Dr. Gardner does not now, nor has he ever, owned an interest in the Facility nor did he refer patients to that Facility at any time. Consequently, this separate defendant emphatically denies that he violated any statute or law at issue in this litigation and expressly denies the baseless allegations contained in Paragraph 64.

65-71. Once again, Dr. Gardner has not practiced at the cancer treatment center at issue in this proceeding since July 29, 2016. The patients referenced in Paragraphs 65 through 71 extend back to March of 2013. Consequently, this separate defendant is unable to admit the allegations contained in Paragraphs 84 through 90 for lack of personal knowledge, or other meaningful information, and thus denies same. Nonetheless, Dr. Gardner admits that he "saw", i.e. *treated*, patients at that Facility and thus he may have been identified as the radiation oncologist "provider" of those services. However, treating patients and providing radiation oncology services in consultation with other physicians does not constitute a referral by Dr. Gardner nor is such unlawful under the provisions of the statutes upon which plaintiffs bring this action.

72. The allegations of Paragraph 72 are denied, again.

73. Dr. Gardner emphatically denies that he was ever involved in any inappropriate or unlawful scheme as alleged in Paragraph 73. Furthermore, the remaining allegations relate to other physicians in the community rather that Dr. Gardner. Therefore, to the extent that a response is required by this separate defendant, all allegations contained in Paragraph 73 are denied in their entirety.

74-95. The allegations contained in Paragraphs 74 through 95 do not relate to Dr. Gardner but rather purport to describe the activities of other physicians in the community, none of whom are defendants in this action. The allegations also reveal that the plaintiffs have specific and in-depth information concerning at least some of the owners of Physicians Radiation Arkansas, LP including the limited partnership distributions from that limited liability company. As a result, plaintiffs must know that Dr. Gardner never owned an interest in Physicians Radiation Arkansas, LP. Because none of the allegations pertain to Dr. Gardner, no response is required by this separate defendant and none is given. To the extent that a response may deem to be required, this separate defendant would deny the allegations in their entirety.

96. The allegations contained in Paragraph 96 once again refer to an "offering memorandum" and "limited partnership agreement" that Dr. Gardner has never seen. And again, if these plaintiffs have been provided these business organization documents, they must know that Dr. Gardner does not now, nor has he ever, owned any interest in Physicians Radiation Arkansas, LP. The remaining allegations contained in Paragraph 96 are denied for lack of information.

97-109. The allegations contained in Paragraphs 97 through 109 refer to persons, entities and business practices unrelated to Dr. Gardner and his practice of radiation oncology at the Facility in Rogers, Arkansas. This separate defendant has no information regarding those allegations and thus denies all allegations contained in Paragraphs 97-109 for lack of information. To the extent that these allegations insinuate that any practicing radiation oncologist was somehow referring patients to such a facility when he/she treated patients there, the allegations are denied in their entirety.

## COUNT I

110. Separate defendant denies each and every material allegation sought to be incorporated by Paragraph 110 except as heretofore expressly admitted.

111. The allegations contained in Paragraph 111 are denied.

112. The allegations contained in Paragraph 112 are denied.

113. The allegations contained in Paragraph 113 are denied.

114. The allegations contained in Paragraph 114 are denied.

115. The allegations contained in Paragraph 115 are denied.

## COUNT II

116. Separate defendant denies each and every material allegation sought to be incorporated by Paragraph 116 except as heretofore expressly admitted.

117. The allegations contained in Paragraph 117 are denied.

118. The allegations contained in Paragraph 118 are denied.

119. The allegations contained in Paragraph 119 are denied.

120. The allegations contained in Paragraph 120 are denied.

121. The allegations contained in Paragraph 121 are denied.

## COUNT III

122. Separate defendant denies each and every material allegation sought to be incorporated by Paragraph 122 except as heretofore expressly admitted.

123. The allegations contained in Paragraph 123 are denied.

124. The allegations contained in Paragraph 124 are denied.

125. The allegations contained in Paragraph 125 are denied.

126. The allegations contained in Paragraph 126 are denied.

127. The allegations contained in Paragraph 127 are denied.

## COUNT IV

128. Separate defendant denies each and every material allegation sought to be incorporated by Paragraph 128 except as heretofore expressly admitted.

129. The allegations contained in Paragraph 129 are denied.

130. The allegations contained in Paragraph 130 are denied.

131. The allegations contained in Paragraph 131 are denied.

132. The allegations contained in Paragraph 132 are denied.

133. The allegations contained in Paragraph 133 are denied.

## COUNT V

134. Separate defendant denies each and every material allegation sought to be incorporated by Paragraph 134 except as heretofore expressly admitted.

135. The allegations contained in Paragraph 135 are denied.

136. The allegations contained in Paragraph 136 are denied.

137. The allegations contained in Paragraph 137 are denied.

138. The allegations contained in Paragraph 138 are denied.

139. The allegations contained in Paragraph 139 are denied.

140. The allegations contained in Paragraph 140 are denied.

141. The allegations contained in Paragraph 141 are denied.

142. The allegations contained in Paragraph 142 are denied.

143. The allegations contained in Paragraph 143 are denied.

144. The allegations contained in Paragraph 144 are denied.

## PLAINTIFFS' PRAYER FOR RELIEF

145. This separate defendant denies that the United States Government, plaintiffs, or any one of them, is entitled to any relief against Dr. Gardner in this proceeding. Rather, Dr. Gardner is entitled to recover his attorneys' fees and costs expending in responding to this vexatious litigation.

## PLEADING FURTHER

146. This separate defendant denies each and every material allegation contained in the amended complaint except as heretofore expressly admitted. Consequently, this answer constitutes a general denial for all purposes.

147. The allegations with respect to Dr. Gardner embodied in the amended complaint, even if taken as true, fail to state a claim upon which relief can be granted as to this separate defendant because he was never a referring physician under the provisions of the statutes upon which plaintiffs base their case. Therefore, the original complaint and the

amended complaint should be dismissed as to Dr. Gardner pursuant to Fed. R. Civ. P. 12(b).

148. As explained in the motion to dismiss filed in this action, Dr. Gardner did *not refer* patients to the Facility when he *treated* them there. Furthermore, and as is now fully known by the plaintiffs, Dr. Gardner was never a limited partner in Physician Radiation Arkansas, LP, nor has he ever owned any interest in that entity. Still further, Dr. Gardner never received any remuneration from Pro Physicians, P.A. and thus cannot be accused of willfully soliciting or receiving remuneration from that entity in return for non-existent referrals.

149. This separate defendant also observes that plaintiffs have made no allegation that any treatments administered to patients at the Facility were medically unnecessary or were of poor quality, nor can they. Rather, their assault appears to be upon the business structure of their principal competitor in the market. Dr. Gardner's conduct at all times has been ethical, lawful and a benefit to the patient population that he served while *treating* patients at this cancer treatment center.

148. Pleading further, plaintiffs' suit is vexatious and without foundation as to Dr. Gardner in any respect whatsoever. Indeed, the plaintiffs themselves engage in the same conduct complained of in this action, i.e. treating patients at facilities in which they hold an ownership interest. Consequently, this separate defendant avers that this proceeding appears to be intended to financially damage plaintiffs' primary competition in the northwest Arkansas community in order to gain a competitive advantage and/or to undermine the competitor's financial viability as it expends funds to defend this action.

Regrettably, Dr. Gardner has found himself in the figurative cross-fire of these competitive hostilities that are now being played out in this legal forum.

149. This separate defendant adopts by this reference, each affirmative defense embodied in the answer filed by the other defendants in this action to the extent they are not inconsistent with the above paragraphs. Further, separate defendant reserves the right to amend his pleadings and assert additional affirmative defenses that may be proper based upon the evidence and documents received during discovery.

## PRAYER

WHEREFORE, this separate defendant, Kenneth E. Gardner, prays that this action be dismissed with prejudice and that he be awarded his attorneys' fees and costs expended in defending this non-meritorious litigation, together with all other proper relief under law and equity.

Dated: October 30, 2017

                Respectfully submitted,

                SHEMIN LAW FIRM, PLLC
                5100 W J.B. Hunt Drive
                Suite 1010
                Rogers, AR 72758
                Telephone: (479) 845-3305
                Facsimile: (479) 845-2198
                Email: ken@sheminfirm.com

By:   /s/ Kenneth R. Shemin
       Kenneth R. Shemin
       Arkansas Bar No. 78138

## CERTIFICATE OF SERVICE

I, Kenneth R. Shemin, do hereby certify that I have sent via:

    ____ U.S. Mail, postage prepaid
    ____ Hand-delivery
    ____ Facsimile
    ____ Electronic Mail
    XXX ECF System to the Clerk of the Court for filing and transmittal of Notice of Electronic Filing to ECF registrants

this 31st day of October, 2017, a true and complete copy of the foregoing attached document to the following individual(s):

Mr. Donald P. McKenna , Jr.
*-Via electronic email to: don@hwnn.com*

Ms. Sarah Coppola Jewell
*-Via electronic email to: sjewell@hwnn.com*

Mr. Shawn B. Daniels
*-Via electronic email to: shawn@hwnn.com*

Ms. Stacy L. Brainin
*-Via electronic email to: stacy.brainin@haynesboone.com*

Mr. Todd P. Lewis
*-Via electronic email to: tlewis@cwlaw.com*

Mr. Christopher Rogers
*-Via electronic email to: chris.rogers@haynesboone.com*

                                            By: /s/ Kenneth R. Shemin
                                                  Kenneth R. Shemin