IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES *ex rel* DR. J. THADDEUS BECK, M.D.;
DR. DANIEL S. BRADFORD, M.D.;
DR. GREGORY J. OAKHILL, M.D.;
DR. STEPHEN B. ROSENFIELD, M.D.;
DR. ERIC S. SCHAEFER, M.D.;
and DR. PATRICK M. TRAVIS, M.D.                              PLAINTIFFS/RELATORS

V.                              CASE NO. 5:15-CV-5275

TRURADIATION PARTNERS ARKANSAS, LLC;
NORTHPOINT RADIATION CENTER GP, LLC;
PHYSICIANS RADIATION ARKANSAS, LP;
PRO PHYSICIANS ARKANSAS, P.A.;
and KENNETH E. GARDNER, M.D.                                 DEFENDANTS

AND

TRURADIATION PARTNERS ARKANSAS, LLC;
NORTHPOINT RADIATION CENTER GP, LLC;
PHYSICIANS RADIATION ARKANSAS, LP;
and PRO PHYSICIANS ARKANSAS, P.A.                            THIRD PARTY PLAINTIFFS

V.

HIGHLANDS ONCOLOGY GROUP, P.A.                               THIRD PARTY DEFENDANT

## OPINION AND ORDER

Now pending before the Court are Plaintiffs'/Relators' Motion to Dismiss the Counterclaim and Third Party Complaint (Doc. 63) and Brief in Support (Doc. 64), and Defendants' and Third Party Defendant's Response in Opposition (Doc. 67). The Court conducted a hearing on the Motion on June 12, 2018. After entertaining oral argument from the parties, the Court ruled from the bench, granting in part and denying in part the Motion. The Court dismissed the Counterclaim without prejudice pursuant to Federal Rule

of Civil Procedure 12(b)(6) and dismissed without prejudice all claims in the Third Party Complaint except Count III. Below, the Court memorializes its ruling in writing. To the extent anything in this Order conflicts with statements uttered from the bench, this Order will control.

It is well known that to survive a motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in a complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*

The Rules impose a heightened pleading requirement if any facts in a complaint purport to establish a claim of fraud or deceit. "To satisfy the particularity requirement of Rule 9(b), the Complaint must plead such facts as the time, place, and content of the

defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

With the pleading requirements in mind, the Court now turns to the causes of action in the Counterclaim (Doc. 53, pp. 32-56). Counts I and II, which assert violations of the Sherman Act due to unlawful maintenance of monopoly power and attempted monopolization, respectively, merit dismissal. The Plaintiffs/Relators are individual doctors who each have an ownership interest in Third Party Defendant Highlands Oncology Group, P.A. ("HOG"). The Counterclaim asserts that if some harm was committed by HOG, then it follows that all of the Plaintiffs/Relators are collectively responsible. The Court rejects Defendants' theory of collective responsibility and finds that the Counterclaim does not plausibly reveal which alleged wrongs each Plaintiff/Relator committed. Furthermore, the facts Defendants use to support Counts I and II—which will be explained in further detail below—either fail to state a valid claim for relief and are subject to dismissal on that basis, or else took place outside of the Sherman Act's four-year statute of limitations. For all these reasons, Counts I and II of the Counterclaim are **DISMISSED WITHOUT PREJUDICE**.

Count III of the Counterclaim, alleging a violation of the Computer Fraud and Abuse Act; Count IV, alleging violations of the Lanham Act for using deceptive or false statements in commerce; Count V, alleging violations of the Arkansas Deceptive Trade Practices Act; and Count VII, alleging the tort of unfair competition, are all claims of fraud or deceit, and

as such, must be pleaded with particularity in order to survive dismissal. The Court finds that the facts supporting each of these Counts fail to reveal what alleged wrongs each Plaintiff/Relator committed, and thus fail to put these individuals on notice as to the claims asserted against them. Moreover, the facts supporting all four of these Counts fail to specify the "who, what, when, and where" of each allegedly fraudulent or deceptive act, so as to comply with Rule 9(b)'s pleading requirements. Counts III, IV, V, and VII of the Counterclaim are therefore **DISMISSED WITHOUT PREJUDICE**.

Finally, Count VI of the Counterclaim, alleging tortious interference with business expectancy, must also be **DISMISSED WITHOUT PREJUDICE** because of Defendants' failure to adequately plead facts specific to each individual Plaintiff/Relator. All Counts in the Counterclaim are dismissed.

Turning now to the Third Party Complaint (Doc. 55), which is brought against HOG alone, Counts I and II are **DISMISSED WITHOUT PREJUDICE**. As will be explained in further detail below, the only facts in the Third Party Complaint that support the Sherman Act claims, survive Rule (12)(b) and/or Rule 9 scrutiny, and are not time-barred under the Sherman Act are those asserted in support of Count III, for violations of the Computer Fraud and Abuse Act. The Court finds that the allegations in Count III, standing alone, are insufficient to state a valid claim for either unlawful maintenance of monopoly power or for attempted monopolization. For this reason, Counts I and II are dismissed from the Third Party Complaint.

With respect to Count III of the Third Party Complaint, the Court finds that the facts alleging computer fraud and abuse are specific and detailed enough to meet Rule 9(b)'s

4

pleading requirements and to survive Rule 12(b) scrutiny. The Motion to Dismiss is therefore **DENIED** as to Count III of the Third Party Complaint, and this Count will not be dismissed.

As for Count IV of the Third Party Complaint, the claim concerns HOG's alleged publishing of false and misleading statements on the Arkansas Secretary of State's website and using the terms "Landmark" and "Northpoint" on HOG's own website and advertisements in a manner that was potentially deceptive and confusing to consumers. The Court finds that the allegations relating to the Secretary of State filings do not state a valid claim under the Lanham Act, as the Secretary of State has discretion to approve or disapprove a name usage, and if a party applies for and is awarded the right to use a particular name, such an act cannot be considered an "in commerce" use of that name that would plausibly result in consumer confusion. With respect to HOG's website and advertisements, there are insufficient facts in the Third Party Complaint to state a plausible Lanham Act violation. The Third Party Complaint fails to explain the context in which the confusing or deceptive terms were used, fails to clarify whether the terms were used in a generic sense, and fails to specify the dates on which the terms were used (and whether such use occurred within the applicable limitations period). For all these reasons, Count IV of the Third Party Complaint is **DISMISSED WITHOUT PREJUDICE**.

Count V of the Third Party Complaint, alleging violations of the ADTPA, appears to hinge on the vague notion that HOG engaged in generally unconsionable behavior that caused Defendants, and perhaps consumers, some harm. The facts supporting this Count are stated in conclusory fashion, without any context, and thus fail to state a plausible claim

and plead fraud with the requisite level of particularity. Count V of the Third Party Complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

Count VI of the Third Party Complaint similarly merits dismissal because none of the facts supporting the Count plausibly show that Defendants held a valid business expectancy that was tortiously interfered with by HOG. Although Defendants allege that HOG lured away existing and prospective employees with promises of higher wages, the Third Party Complaint fails to assert that any of these employees were under contract with Defendants or subject to a non-compete agreement—circumstances that could validly create an "expectancy" that these employees would not leave Defendants' employ. The same is true of the allegation that HOG improperly obtained or attempted to obtain preferred-provider status with certain insurance companies or hospitals. The Third Party Complaint does not allege that Defendants were involved in a contractual relationship with these insurers or hospitals or were otherwise given affirmative representations that they would be granted preferred-provider status. Accordingly, Count VI of the Third Party Complaint is **DISMISSED WITHOUT PREJUDICE**.

Finally, as to Count VII, the Third Party Complaint does not contain a recitation of the elements of the tort of unfair competition. The Court surmises the tort may arise from state common law, although no Arkansas cases mention this tort after 1946, the date the Lanham Act was passed. In any event, this Count contains only a vague allegation of anticompetitive conduct by HOG that is too speculative and conclusory to pass *Iqbal/Twombly* muster, let alone satisfy Rule 9(b)'s heightened pleading standards. Count VII of the Third Party Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS THEREFORE ORDERED** that Plaintiffs'/Relators' Motion to Dismiss the Counterclaim and Third Party Complaint (Doc. 63) is **GRANTED IN PART AND DENIED IN PART**. The Counterclaim (Doc. 53) is **DISMISSED WITHOUT PREJUDICE**, and all claims in the Third Party Complaint (Doc. 55) are **DISMISSED WITHOUT PREJUDICE**, with the exception of Count III, which is preserved for further disposition.

**IT IS SO ORDERED** on this 14th day of June, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE